IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **VICTOR FOURSTAR, JR., #07418-046,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 14-cv-00957-NJR |
| ) | |
| **FERNANDO COSTELL,** ) | |
| **NEIL VAZQUEZ, and** ) | |
| **UNKNOWN PARTY,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

On September 29, 2014, the Court entered an Order (Doc. 5) denying Plaintiff's motion to proceed *in forma pauperis* ("IFP") (Doc. 2) in this action. According to 28 U.S.C. § 1915, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis*

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The Court determined that Plaintiff had, in fact, on at least three prior occasions brought a civil rights case that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim. After carefully reviewing Plaintiff's complaint, the Court also determined that Plaintiff was not under imminent danger of serious physical injury. (Doc. 5, p. 3). As such, in accordance with 28 U.S.C. § 1915(g), Plaintiff was ordered to pay the $400.00 filing fee for this case no later than October 20, 2014. *Id*. at 4. Plaintiff was clearly warned in that Order that failure to pay the filing fee would result in dismissal of this case. *Id*.

On October 23, 2014, Plaintiff filed a motion requesting an extension of time to pay the $400.00 filing fee in this action or to stay and hold these proceedings in abeyance pending further appeals in related cases. (Doc. 6). Plaintiff asserted that he had motions pending in a number of courts, including the United States Supreme Court, and the outcome of those motions could impact Plaintiff's ability to proceed IFP in the present case. *Id*. The Court finds two problems with Plaintiff's argument.

First, Plaintiff's motion refers to some actions (i.e., *Fourstar v. Walton*, Case No. 13-cv-01122-DRH) that are habeas corpus petitions; habeas cases do not incur strikes, even if they are dismissed as frivolous, malicious, or fail to state a claim. The rules governing second or successive habeas petitions do not pertain to § 1983 civil rights cases just as the laws governing when a Plaintiff may proceed IFP in a § 1983 case do not apply to habeas petitions. Therefore, any pending decisions or appeals related to habeas actions are irrelevant to the Court's decision that Plaintiff may not proceed IFP in the present case.

Second, after reviewing the docket sheets in the various cases mentioned by Plaintiff, the Court finds that the United States Supreme Court has denied each of the petitions Plaintiff claims were pending before the high court. *See Fourstar v. Farley*, Case No. 14-5501, petition denied October 6, 2014; *Fourstar v. Decon, et al.*, Case No. 14-5500, petition denied October 6, 2014; and *Fourstar v. Eckroth, et al*., Case No. 13-5285, petition denied October 7, 2013.

The date to pay the filing fee has passed, and Plaintiff has failed to pay. As a result, this action is **DISMISSED** without prejudice, for failure to comply with an Order of this Court. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994). Plaintiff's obligation to pay the filing fee for this action

was incurred at the time the action was filed, thus the filing fee of $400.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The agency having custody of the Plaintiff is directed to remit the $400.00 filing fee from his prison trust fund account if such funds are available. If he does not have $400.00 in his account, the agency must send an initial payment of 20% of the current balance or the average balance during the past six months, whichever amount is higher. Thereafter, Plaintiff shall make monthly payments of 20% of the preceding month's income credited to Plaintiff's prison trust fund account (including all deposits to the inmate account from any source) until the $400.00 filing fee is paid in full. The agency having custody of Plaintiff shall forward these payments from the Plaintiff's trust fund account to the Clerk of this Court each time the Plaintiff's account exceeds $10.00, until the $400.00 fee is paid. In addition, Plaintiff shall note that the filing fees for multiple cases cumulate. *See Newlin v. Helman*, 123 F.3d 429, 436 (7th Cir. 1997), *overruled in part on other grounds by Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000). A prisoner who files one suit must remit 20% of his monthly income to the Clerk of the Court until his fees have been paid; a prisoner who files a second suit or an appeal must remit 40%; and so on. *Newlin*, 123 F.3d at 436. "Five suits or appeals mean that the prisoner's entire monthly income must be turned over to the court until the fees have been paid." *Id.* Payments shall be mailed to: Clerk of the Court, United States District Court for the Southern District of Illinois, P.O. Box 249, East St. Louis, Illinois 62202. The Clerk is **DIRECTED** to mail a copy of this order to the Trust Fund Officer at Atwater United States Penitentiary upon entry of this Order.

**IT IS SO ORDERED.**

**DATED: December 9, 2014**

_____
NANCY J. ROSENSTENGEL
United States District Judge